1137.4110:KSM:nc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Bullseye Contractors, LLC, an Illinois Limited Liability Company, | ) ) ) |
| Plaintiff, | ) ) |
| LAI, Ltd., an Illinois corporation, and McNish Corporation, an Ohio corporation, | ) ) ) |
| Defendant. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Bullseye Contractors, LLC, an Illinois Limited Liability Company, by its attorneys, Esp, Kreuzer, Cores & McLaughlin, LLP, and for its Complaint at Law against Defendants LAI, Ltd, an Illinois corporation, and McNish Corporation, an Ohio corporation, states as follows:

## COUNT I

### VIOLATION OF THE ROBINSON-PATMAN PRICE DISCRIMINATION ACT, 15 U.S.C. §13

1. This action involves allegations that the Defendants engaged in unlawful price discrimination in violation of the Robinson-Patman Price Discrimination Act, 15 U.S.C. § 13.

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 because it involves a federal statute.

3.  Venue is proper pursuant to 15 U.S.C. §15 because all of the parties involved maintain their principal places of business or their registered agents in the Northern District of Illinois.

4.  At all relevant times, Plaintiff, Bullseye Contractors, LLC ("Bullseye"), is an Illinois limited liability company with its principal place of business and registered agent located at 1N725 Swift Rd., Lombard, DuPage County, Illinois 60148.

5.  At all relevant times, Defendant, LAI, Ltd. ("LAI"), is an Illinois corporation with its principal place of business located at 5400 Newport Drive, Suite 10, Rolling Meadows, Cook County, Illinois 60008, and its registered agent located at 230 W. Monroe St., Suite 250, Chicago, Cook County, Illinois 60606.

6.  At all relevant times, Defendant, McNish Corporation ("McNish"), is an Ohio corporation licensed and authorized to transact business in the State of Illinois, with its principal place of business in Illinois and its Illinois registered agent located at 840 N. Russell Ave., Aurora, Kane County, Illinois 60506.

7.  At all relevant times, McNish had a division known as Walker Process Equipment ("Walker Process"), which manufactures rectangular clarifier equipment for use in municipal wastewater treatment plants in Illinois.

8.  McNish, through its division, Walker Process, and through its distributor, LAI, is engaged in commerce in the sale of said rectangular clarifier equipment, which sales are made throughout the United States.

9.  In September 2009, the Village of Barrington, Illinois ("Village") issued a request for bid for the replacement of the primary clarifier equipment of the Village's wastewater treatment plant. The Bid Form required that the bidders submit a lump sum

price including the cost of the required equipment and materials for the project, namely rectangular clarifier equipment manufactured either by Siemens Envirex or Walker Process. (A true and correct copy of the Village's Bid Form for the referenced project is attached hereto and incorporated by reference herein as Exhibit "A".

10. The cost of the rectangular clarifier equipment manufactured by Walker Process was substantially less than the rectangular clarifier equipment manufactured by Siemens Envirex, so all of the bidders for the project provided a lump sum price which included the cost for the Walker Process equipment.

11. The sole supplier of the Walker Process rectangular clarifier equipment for the subject project was Defendant, LAI.

12. There were 7 bidders for the referenced project, namely Minusos General Contractors, Maxim, Keno & Sons, Gaskill & Walton, J.J. Henderson, Seagren Construction, and Plaintiff, Bullseye Contractors, LLC. Defendant, LAI, in consultation with and with the specific approval of Defendant, McNish, quoted all bidders except Plaintiff an equipment cost of $260,000.00. Defendant, LAI, in consultation with and with the specific approval of Defendant, McNish, quoted Plaintiff $300,000.00 for the same equipment on the same project.

13. As a result of the increased quote by Defendants, Plaintiff submitted a lump-sum bid of $423,000.00, which was $24,000.00 more than the next lowest bidder, Minusos General Contractors, who bid the job at $399,000.00. Had Plaintiff been quoted the equipment at a cost of $260,000.00, its lump sum bid would have been $383,000.00 and it would have been awarded the contract.

14. The bids were submitted by the bidders on September 22, 2009. That evening, the Village announced the bid results, at which time Plaintiff learned that Defendants had over-quoted it by $40,000.00 for the equipment.

15. On that date, Plaintiff's project manager, Torry Gruttadauro, spoke to Dave Schmidt, the Village's plant manager, and Mark Maederer, the engineer for Baxter & Woodman, the engineers on the project, to notify them that there had been an error in Plaintiff's bid in that it had been over-quoted by $40,000.00 for the equipment for the project. (A true and correct copy of an email dated September 22, 2009, from Tim Tack of LAI to Allison Muldoon of Bullseye with the equipment quote is attached hereto as Exhibit "B"). On September 29, 2009, Plaintiff by its attorney, Kenneth S. McLaughlin, Jr., wrote to the Village and requested that it be allowed to submit a revised bid of $383,000.00 taking into account an equipment cost of $260,000.00, rather than $300,000.00. Prior to writing this letter, Defendants informed Plaintiff that they would honor the quote provided to all other bidders, namely $260,000.00. (A true and correct copy of the September 29, 2009 correspondence from Kenneth S. McLaughlin, Jr. to the Village is attached hereto as Exhibit "C" and incorporated by reference herein.)

16. Following receipt of the September 2009 letter, the Village followed-up with Defendant, LAI, to confirm that Defendants would honor the $260,000.00 estimate for the equipment. At that time, Defendant, LAI, informed the Village that Defendants would not lower the equipment cost from $300,000.00 to $260,000.00 for Plaintiff.

17. During the week following the September 22, 2009 bid, Tim Tack and Dave Crain of the LAI informed Torry Gruttadauro of Bullseye that the reason that Defendants would not provide the same pricing to Plaintiff was because Plaintiff had

4

prevailed against Defendant, LAI, in a mechanic's lien action with a value of $40,000.00 and Defendants were using this project as a opportunity to recoup that money from the Plaintiff.

18. On October 6, 2009, Messrs. Tack and Crain changed their reason by facsimile correspondence to Mr. Gruttadauro, in which they claimed that the reason that they did not honor the $260,000.00 quote provided to all the bidders was because Plaintiff allegedly had "a past history of questionable credit with LAI, Ltd. and Walker Process, including but not limited to writing checks with insufficient funds to cover the amount, payment beyond the specified terms, and failing to fully pay invoices. Based upon actual experience, pricing was adjusted upward from all other bidders to account for the situation." (A true and correct copy of the October 6, 2009 correspondence from Tim Tack to Tory Gruttadauro is attached hereto as Exhibit "D" and incorporated by reference herein.)

19. Regardless of the reason proffered by Defendants for arbitrarily increasing the price for Plaintiff as opposed to the remaining 6 bidders for the project, Defendants conduct constitutes price discrimination in violation of the Robinson-Patman Price Discrimination Act, 15 U.S.C. § 13, *et seq.*

20. Specifically, Section 13(a) of the Robinson-Patman Price Discrimination Act, 15 U.S.C. § 13(a), states that "[i]t shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade or quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States or any

Territory thereof or the District of Columbia or any insular possession or other place under the jurisdiction of the United States, and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them . . . ."

21.　　Defendants' conduct is a violation of Section 13 of the Robinson-Patman Price Discrimination Act because by arbitrarily increasing the price charged for equipment for one bidder as compared to the remaining 6 bidders, Defendants have prevented Plaintiff from fairly competing for the bid for the project, which competition the Act was specifically enacted to promote.

22.　　Section 15(a) of the Robinson-Patman Price Discrimination Act, 15 U.S.C. §15(a), provides in relevant part that "any person who has shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefore in any district court in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall be recover threefold the damages by him sustained, and the cost of suit, including reasonable attorney's fees.  The court may award under this section, pursuant to a motion by such person promptly made, simple interest on actual damages for the period beginning on the date of service of such person's pleading setting forth a claim under the antitrust laws and ending on the date of judgment, or any shorter period therein, if the court finds that the award of such interest for such period is just under the circumstances . . . ."

23. As a direct and proximate result of the above-referenced violation of the Robinson-Patman Price Discrimination Act, Plaintiff lost its bid for the Village Project, in the amount of $123,000.00 after the cost of the equipment is subtracted.

24. Pursuant to Section 15(a) of the Robinson-Patman Price Discrimination Act, Plaintiff is entitled to treble damages, or $369,000.00 plus reasonable attorney's fees and costs plus simple interest, as determined by the court.

WHEREFORE, the Plaintiff, Bullseye Contractors, LLC, prays that this Honorable Court enters judgment in its favor and against Defendants, LAI, Ltd. and McNish Corporation, in the amount of $369,000.00 plus reasonable attorney's fees and costs plus simple interest, and to further enjoin Defendants from engaging in price discrimination in the future against Plaintiff.

## COUNT II

## VIOLATION OF THE ILLINOIS ANTI-TRUST ACT, 740 ILCS 10/1

1-18. Plaintiff realleges its paragraphs 1-18 of Count I as its paragraphs 1-18 of Count II as though fully set forth herein.

19. Regardless of the reason proffered by Defendants for arbitrarily increasing the price for Plaintiff as opposed to the remaining 6 bidders for the project, Defendants conduct constitutes price fixing in violation of the Illinois Anti-Trust Act, 740 ILCS 10/1, *et seq*.

20. Specifically, Section 3 of the Illinois Anti-Trust Act, 740 ILCS 10/3, states that "every person shall be deemed to have committed a violation of this Act who shall: (1) Make any contract with, or engage in any combination of conspiracy with, any other person who is, or but for a prior agreement would be a competitor of such person: (a) for

the purpose or with the effect of fixing, controlling, or maintaining the price or rate charged for any commodity sold or bought by the parties thereto, or the fee charged or paid for any service performed or received by the parties thereto…"

21. Defendants' conduct is a violation of Section 3 of the Illinois Anti-Trust Act because by arbitrarily increasing the price charged for equipment for 1 bidder as compared to the remaining 6 bidders, Defendants have prevented Plaintiff from fairly competing for the bid for the project, which competition the Act was specifically enacted to promote.

22. Section 7(2) of the Illinois Anti-Trust Act, 740 ILCS 10/7(2), provides that "any person who has been injured in his business or property, or is threatened with such injury by a violation of Section 3 of this Act [740 ILCS 10/3] may maintain an action in the Circuit Court for damages, or for an injunction or both against any person who has committed such violation. If, in an action for an injunction, the Court issues an injunction, the Plaintiff shall be awarded costs and reasonable attorney's fees. In an action for damages, if injury is found to be due to a violation of subsections (1) or (4) of Section 3 of this Act [740 ILCS 10/3], the person injured shall be awarded 3 times the amount of actual damages resulting from that violation, together with costs and reasonable attorney's fees. If injury is found to due to a violation of subsections (2) or (3) of Section 3 of this Act [740 ILCS 10/3], the person injured shall recover the actual damages cause by the violation, together with costs and reasonable attorney's fees, and if it is shown that such violation was willful, the court may, in its discretion, increase the amount recovered as damages up to a total of 3 times the amount of actual damages."

23.     As a direct and proximate result of the above-referenced violation of the Illinois Anti-Trust Act, Plaintiff lost its bid for the Village of Barrington Project, in the amount of $123,000.00 after the cost of the equipment is subtracted.

24.     Pursuant to Section 7 of the Illinois Anti-Trust Act, Plaintiff is entitled to treble damages, or $369,000.00 plus reasonable attorney's fees and costs.

WHEREFORE, the Plaintiff, Bullseye Contractors, LLC, prays that this Honorable Court enters judgment in its favor and against Defendants, LAI, Ltd. and McNish Corporation, in the amount of $369,000.00 plus reasonable attorney's fees and costs, and to further enjoin Defendants from arbitrarily and unilaterally charging a different price to Plaintiff than other contractors for the same equipment on the same project.

    ESP, KREUZER, CORES & MCLAUGHLIN, LLP

    By: /s/ Kenneth S. McLaughlin Jr.
    One of the Plaintiff's Attorneys

Kenneth S. McLaughlin, Jr.
ESP, KREUZER, CORES & McLAUGHLIN, LLP
400 S. County Farm Rd., Suite 200
Wheaton, IL  60187
(630) 871-1002
ARDC No. 6229828